PFE/GAM/CLC: May 2023

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **DEXTER SHERROD PEARCE** | ) |

## INFORMATION

The United States Attorney charges:

### Count One
### Conspiracy
### Title 18, United States Code, Section 371

1. From in or about May 2020, and continuing until in or about August 2022, the exact dates being unknown, within Jefferson County in the Northern District of Alabama, and elsewhere, defendant

**DEXTER SHERROD PEARCE**

knowingly and willfully conspired, combined, and agreed with others known and unknown to:

   (a) transport in interstate commerce a motor vehicle knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2312;

   (b) receive, possess, conceal, store, barter, sell, or dispose of any motor vehicle which has crossed a State or United States boundary after being stolen, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2313; and

(c)  buy, receive, possess, or obtain control of, with intent to sell or otherwise dispose of, a motor vehicle or motor vehicle part, knowing that an identification number for such motor vehicle or part has been removed, obliterated, tampered with, or altered, in violation of Title 18, United States Code, Section 2321.

## MANNER AND MEANS OF THE CONSPIRACY

2.  It was a part of the conspiracy that defendant **DEXTER SHERROD PEARCE** and coconspirators would and did steal motor vehicles from automobile dealerships and individual victims in states other than Alabama, including Mississippi, Georgia, South Carolina, and Kentucky, and transport the stolen motor vehicles to the Northern District of Alabama to sell.

3.  It was a further part of the conspiracy that defendant **DEXTER SHERROD PEARCE** and coconspirators would and did steal motor vehicles from automobile dealerships and individual victims in the Northern District of Alabama and transport the stolen motor vehicles to other states to sell.

4.  It was a further part of the conspiracy that defendant **DEXTER SHERROD PEARCE** and coconspirators would and did cause vehicle identification numbers (VINs) to be altered on stolen motor vehicles to conceal that the motor vehicles were stolen and facilitate the sale of the stolen motor vehicles.

5.  It was a further part of the conspiracy that defendant **DEXTER SHERROD PEARCE** and coconspirators would and did obtain false bills of sale and tag applications to conceal that the motor vehicles were stolen and facilitate the

sale of the stolen motor vehicles.

6. It was a further part of the conspiracy that defendant **DEXTER SHERROD PEARCE** and coconspirators would and did use these false documents to obtain motor vehicle titles and registrations to conceal that the motor vehicles were stolen and facilitate the sale of the stolen motor vehicles.

7. It was a further part of the conspiracy that defendant **DEXTER SHERROD PEARCE** would and did receive money, drugs, and stolen motor vehicles as compensation for participating in the conspiracy.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the objects thereof, the conspirators committed and caused to be committed the following overt acts, among others, in the Northern District of Alabama and elsewhere:

8. From in or about May 2020, and continuing through in or about August 2022, defendant **DEXTER SHERROD PEARCE** and coconspirators stole and transported from one state to another at least 24 motor vehicles with a total fair market value of at least $1.6 million. The VINs on some of these stolen motor vehicles were removed, obliterated, tampered with, or altered by defendant **DEXTER SHERROD PEARCE** and coconspirators.

9. On or about May 25, 2020, defendant **DEXTER SHERROD PEARCE** and coconspirators stole a 2015 Dodge Challenger SXT from a dealership in Oxford,

Alabama, and transported it to Coweta County, Georgia.

10. On or about December 15, 2020, defendant **DEXTER SHERROD PEARCE** possessed and transported to Cummings County, Georgia, a 2018 BMW X5 SUV stolen by a coconspirator from an individual victim in Homewood, Alabama.

11. On or about January 23, 2021, defendant **DEXTER SHERROD PEARCE** and coconspirators stole a 2018 Dodge Challenger Demon from a dealership in Carrollton, Georgia, and transported it to Vestavia Hills, Alabama.

12. On or about January 24, 2021, defendant **DEXTER SHERROD PEARCE** and coconspirators stole two 2021 Dodge Challenger Scat Packs from a dealership in Carrollton, Georgia, and transported them to the Northern District of Alabama.

13. On or about November 9, 2021, defendant **DEXTER SHERROD PEARCE** and coconspirators stole a 2021 Ford Shelby Mustang GT 500 from a dealership in Winchester, Tennessee, and transported it to the Northern District of Alabama.

14. On or about November 29, 2021, defendant **DEXTER SHERROD PEARCE** and coconspirators possessed with intent to sell or otherwise dispose of a stolen 2021 Ford Expedition with an altered VIN.

15. On or about December 22, 2021, defendant **DEXTER SHERROD**

**PEARCE** and coconspirators stole a 2021 Ford Mustang, a 2020 Dodge Challenger, and a 2019 Ford F-250 from a dealership in Rome, Georgia, and transported the stolen motor vehicles to Birmingham, Alabama.

16. On or about January 5, 2022, defendant **DEXTER SHERROD PEARCE** and coconspirators possessed with intent to sell or otherwise dispose of a 2022 Lincoln Aviator and a 2018 Ford F-150 Raptor, both of which were stolen and had an altered VIN.

17. On or about January 8, 2022, defendant **DEXTER SHERROD PEARCE** and coconspirators stole a 2021 Ford Shelby Mustang GT 500, a 2020 Jeep Grand Cherokee Track Hawk, and a 2017 Ford F-450 Lariat from a dealership in Jasper, Georgia, and transported the stolen motor vehicles to Birmingham, Alabama.

18. On or about January 19, 2022, defendant **DEXTER SHERROD PEARCE** and coconspirators stole a 2021 Ford F-350 Super Duty King Ranch and a 2019 Dodge Ram 3500 from a dealership in Meridian, Mississippi, and transported the stolen motor vehicles to Birmingham, Alabama.

19. On or about February 22, 2022, defendant **DEXTER SHERROD PEARCE** and coconspirators stole a Ford F-150 Rocky Ridge and a Ford F-250 from a dealership in Columbus, Mississippi, and transported the stolen motor vehicles to Bessemer, Alabama.

20. On or about February 28, 2022, defendant **DEXTER SHERROD PEARCE** and coconspirators stole a 2021 Dodge Durango SRT Hellcat, a 2021 Dodge Charger SRT, and a 2022 Dodge Ram 1500 from a dealership in Seneca, South Carolina, and transported, or intended to transport, the stolen motor vehicles to Birmingham, Alabama.

21. On or about March 9, 2022, defendant **DEXTER SHERROD PEARCE** and coconspirators possessed with intent to sell or otherwise dispose of a 2020 Cadillac XT6 Premium Luxury which was stolen and had an altered VIN.

22. On or about August 3, 2022, defendant **DEXTER SHERROD PEARCE** and coconspirators stole a 2021 Ford Mustang from a dealership in Shelbyville, Tennessee, and transported it to Bessemer, Alabama.

All in violation of Title 18, United States Code, Section 371.

<u>**Count Two**</u>
<u>**Transportation of Stolen Motor Vehicle**</u>
<u>**Title 18, United States Code, Section 2312**</u>

23. The factual allegations in paragraphs 1 through 22 of this Information and realleged as though specifically set forth herein.

24. On or about August 3, 2022, within Jefferson County in the Northern District of Alabama, and elsewhere, defendant

**DEXTER SHERROD PEARCE**

did unlawfully transport in interstate commerce a stolen motor vehicle, that is, a

2021 Ford Mustang, from Shelbyville, Tennessee, to Jefferson County, Alabama, knowing the same to have been stolen.

All in violation of Title 18, United States Code, Section 2312.

## NOTICE OF FORFEITURE

1. The allegations contained in Counts One and Two of this Information are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(5), 18 U.S.C. § 981(a)(1)(F), and 28 U.S.C. § 2461(c).

2. Upon conviction of the offenses charged in Counts One and Two of this Information, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(5), 18 U.S.C. § 981(a)(1)(F), and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. The property to be forfeited includes, but is not limited to, a money judgment in the amount of $227,615.00, representing the proceeds obtained from the offense.

4. If any of the property described above, because of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or,

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

PRIM F. ESCALONA
United States Attorney


*/s/ Electronic Signature*
GEORGE A. MARTIN, JR.


*/s/ Electronic Signature*
CATHERINE L. CROSBY
Assistant United States Attorneys